A02A0925. KEPPLE v. MILLER et al.
(572 SE2d 687)

JOHNSON, Presiding Judge.

Cheryl Kepple was a licensed real estate agent who worked as an independent contractor for Southside Partners, Inc. d/b/a ReMax Advantage. Kepple was required to pay monthly fees to ReMax Advantage for the use of the ReMax office and its amenities. In April 1996, Kepple was terminated from ReMax Advantage because she had accrued unpaid fees of more than $20,000 and she was not selling any property. But shortly thereafter, Kent Miller, one of the own-

ers of ReMax Advantage, allowed Kepple, at her request, to remain with the company.

In June 1996, Kepple filed for bankruptcy, and in October 1996, the bankruptcy court ordered that all of her debts, including her unpaid ReMax fees, be discharged. In February 1998, Kepple was terminated from ReMax Advantage.

Kepple sued Miller, the Miller Group and ReMax Advantage, claiming breach of contract and a violation of 11 USC § 525 (b) in that she was terminated solely because she had not paid a debt that was discharged in bankruptcy. Miller, the Miller Group and ReMax moved for summary judgment. The trial court granted the motion, finding, among other things, no breach of contract and that 11 USC § 525 (b) does not apply to Kepple because she was an independent contractor rather than an employee. Kepple appeals, challenging the grant of summary judgment. The challenge is without merit, and we therefore affirm the ruling of the trial court.

1. 11 USC § 525 (b) (3) provides:

No private *employer* may terminate the *employment* of, or discriminate with respect to *employment* against, an individual who is or has been a debtor under this title . . . , a debtor or bankrupt under the Bankruptcy Act, or an individual associated with such debtor or bankrupt, solely because such debtor or bankrupt . . . has not paid a debt that is dischargeable in a case under this title . . . or that was discharged under the Bankruptcy Act.[1]

There is a split of authority as to whether this Code section applies to independent contractors or whether it applies only in the context of employer-employee relationships. The bankruptcy court in *In re McNeely*[2] found that 11 USC § 525 (b) does apply to independent contractors. But more recently, the court in *In re Hardy*[3] disapproved of, and refused to follow, the *McNeely* finding.

The *Hardy* court held that 11 USC § 525 (b) does not apply to independent contractors and applies only if there is an employer-employee relationship.[4] In reaching this conclusion, the court noted that since the *McNeely* decision, the United States Supreme Court has expressly instructed bankruptcy courts to construe Code sections in accordance with the meaning of their plain language.[5] The plain

---

[1] (Emphasis supplied.)
[2] 82 BR 628, 632 (S.D. Ga. 1987).
[3] 209 BR 371, 375 (E.D. Va. 1997).
[4] Id. at 378.
[5] Id. at 377-378.

language of § 525 (b) uses the terms "employer" and "employment" without any reference to independent contractors or other such business relationships.[6] Thus, the plain and natural meaning of § 525 (b) is that the debtor must be an employee of the employer-defendant in order to be protected by the Code section.[7] If Congress had intended a more expansive interpretation of § 525 (b) to include independent contractors, it could have plainly stated it.[8]

We agree with the holding in *Hardy* that independent contractors are not included in the plain language of the Code section. We note that despite her admissions to the contrary, Kepple has made a disingenuous attempt on appeal to claim that she was not an independent contractor. Not only did Miller and a former ReMax broker testify that Kepple was an independent contractor whose work they did not control, but Kepple swore in her own affidavit that she was an independent contractor. Moreover, Kepple has cited no evidence in the record showing that ReMax controlled the time, manner or method of her work as a real estate agent. Because there is no genuine issue of fact that Kepple was an independent contractor, 11 USC § 525 (b) does not apply to this case. The trial court therefore correctly granted summary judgment to Miller, the Miller Group and ReMax on Kepple's § 525 (b) claim.

Moreover, even if Kepple were an employee instead of an independent contractor, her 11 USC § 525 (b) claim would still be subject to summary adjudication because there is no evidence that the sole basis for her termination was her bankruptcy. The Code section requires that the employer not terminate the employee *solely* because the employee has not paid a debt that was discharged in bankruptcy.[9] Here, Miller, the Miller Group and ReMax presented evidence that Kepple was discharged for various reasons, including her lack of productivity, the accrual of more unpaid company debts after her bankruptcy, sleeping in the office on a couch and having a fight with another agent. Kepple has cited no evidence creating a genuine issue of material fact that the sole reason she was terminated was her bankruptcy. Accordingly, the trial court did not err in entering summary judgment against Kepple on her § 525 (b) claim.

2. Kepple enumerates as error that the trial court's summary judgment ruling on her breach of contract claim was inconsistent with its summary judgment ruling on her 11 USC § 525 (b) claim. She notes that the trial court granted summary judgment on the § 525 (b) claim on the basis that she was an independent contractor.

---

[6] Id. at 378.
[7] Id.
[8] Id.
[9] 11 USC § 525 (b) (3).

But, according to Kepple, on her breach of contract claim the court inconsistently found that she was an employee.

Kepple has misconstrued the trial court's finding. On the breach of contract claim, the trial court did not find that Kepple was an employee, as opposed to an independent contractor. Rather, the court found that she had an at-will agreement, and that she had failed to point to any evidence that the agreement contained any terms limiting the defendants' ability to discharge her for any reason. Thus, there is no inconsistency in the trial court's 11 USC § 525 (b) and breach of contract findings. Because Kepple's assertion that the trial court made inconsistent findings is incorrect, this enumeration of error is without merit.

3. Kepple's final enumeration of error is that if we find that Miller is liable, then there is an issue as to whether ReMax is secondarily liable. Because of our holdings in Divisions 1 and 2, this enumeration is without merit.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED OCTOBER 9, 2002 — 

*George M. Johnson & Associates, Mark A. Yurachek, Kevin G. Moore, Christopher D. Vaughn*, for appellant.
*William A. Wehunt*, for appellees.